IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN SIDNEY EPPERSON,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>COMMISSIONER STANLEY TAYLOR,  )<br>WARDEN THOMAS CARROLL,  )<br>DENTAL DEPARTMENT,  )<br>DENTIST WOMAN, and  )<br>APPOINTMENT WOMAN,  )<br>)<br>Defendants.  ) | Civ. No. 05-219-KAJ |

## MEMORANDUM ORDER

Presently before me is plaintiff Kevin Sidney Epperson's ("Epperson") letter motion requesting my recusal. (Docket Item ["D.I."] 4; the "Motion") For the reasons stated below, I will deny the motion.

Epperson is a prisoner currently incarcerated at the Delaware Correctional Center in Smyrna, Delaware. His SBI No. is 156562. On April 13, 2005, Epperson filed a complaint under 42 U.S.C. § 1983, along with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1; D.I. 2.) On April 26, 2005, I granted Epperson's request to proceed in forma pauperis and ordered him to file a certified copy of his prison trust account statement within thirty days or the complaint would be dismissed. (D.I. 5.) Epperson filed the pending motion on April 22, 2005. (D.I. 4.) He

argues that I am prejudiced against him, based on my rulings regarding a habeas corpus petition he filed.[1]

Epperson does not cite any authority as the basis for his request for recusal. Therefore, I will analyze the request under both 28 U.S.C §§ 144 and 455. In order to be disqualifying, both § 144 and § 455 require that the alleged bias or prejudice stem from an extrajudicial source. See Liteky v. United States, 510 U.S. 540 (1994). "Extrajudicial source" means a source outside the present or *prior* judicial proceedings. See id. at 555 (emphasis added).

Section 144 requires that a party seeking recusal file a "timely and *sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party ... ." See 28 U.S.C. § 144 (emphasis added). "Conclusory allegations need not be accepted as true." Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1356 (3d Cir. 1990)(citing United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989)). In this case, Epperson's affidavit is not sufficient to support his claims. Epperson has not presented any facts to support his motion. He has merely presented his conclusory allegation that I "cause[d] prejudice to the Constitutional rights of petitioner." (D.I. 4) He appears to base his theory, as well as his request for recusal, not on any tangible evidence but on judicial rulings made in his prior habeas case.

However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. at 555 (citing United States v.

---

[1] Epperson stated that my rulings were made in a criminal case, but the only prior matter I have handled involving him is his habeas case, C.A. No. 04-332-KAJ.

Grinnell Corp., 384 U.S. 563, 583 (1966)). The Supreme Court explained that judicial rulings "in and of themselves can only in the rarest circumstances evidence the degree of favoritism or antagonism required" to prove bias. Id. Epperson's bare allegation that I am biased against him has no merit and is, therefore, insufficient to support his Motion.

Additionally, under § 455, "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. Section 455 requires a judge to raise the issue of bias sua sponte. "Under this section a judge must consider whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality." Jones, 899 F.2d at 1356 (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir. 1983)). Again, Epperson has offered no evidence to support his claim that I harbor a bias against him. Consequently, I find that no reasonable person, knowing all the circumstances, would harbor doubts concerning my impartiality.

Because Epperson has failed to allege facts to prove that I have a personal bias or prejudice against him and, further, has failed to show that a reasonable person, knowing all the circumstances, would harbor doubts concerning my impartiality, his request for recusal must be denied.

Accordingly, IT IS HEREBY ORDERED this 7th day of June, 2005, that Epperson's letter motion for recusal (D.I. 4) is **DENIED**.

UNITED STATES DISTRICT JUDGE

Wilmington, Delaware