IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN SIDNEY EPPERSON,          )<br>                                 )<br>          Plaintiff,             )<br>                                 )<br>     v.                          ) Civ. No. 05-219-KAJ<br>                                 )<br>COMMISSIONER STANLEY TAYLOR,     )<br>WARDEN THOMAS CARROLL, DENTAL    )<br>DEPARTMENT, DENTIST WOMAN,       )<br>and APPOINTMENT WOMAN,           )<br>                                 )<br>          Defendants.            ) | |

**ORDER**

1.  The plaintiff Kevin Sidney Epperson, SBI #156562, a _pro se_ litigant who is presently incarcerated, has filed this action pursuant to 42 U.S.C. § 1983 and has requested leave to proceed _in forma pauperis_ pursuant to 28 U.S.C. § 1915. The plaintiff filed his request to proceed _in forma pauperis_ without the required certified copy of his prison trust fund account statement pursuant to 28 U.S.C. § 1915(a)(2).

2.  On April 26, 2005, the Court granted plaintiff leave to proceed in forma pauperis and ordered him to file a certified copy of his prison trust fund account statement within thirty days, or the complaint would be dismiss. On June 6, 2005, the Court granted the plaintiff a thirty day extension of time to file the required documents. On August 1, 2005, the Court dismissed the complaint because the plaintiff failed to file the

required documents. The plaintiff submitted the required documents on August 9, 2005, along with a motion for reconsideration.[1] The plaintiff's motion for reconsideration is granted. The Clerk of the Court shall reopen this action.

    3. In evaluating the plaintiff's account information pursuant to 28 U.S.C. § 1915(b)(1), the Court has determined that the plaintiff has an average account balance of $8.42 for the six months preceding the filing of the complaint. The plaintiff's average monthly deposit is $30.00 for the six months preceding the filing of the complaint. Accordingly, the plaintiff is required to pay an initial partial filing fee of $6.00, this amount being 20 percent (20%) of $30.00, the greater of his average monthly deposit and average daily balance in the trust fund account for the six months preceding the filing of the complaint. **Therefore, the plaintiff shall, within thirty days from the date this order is sent, complete and return the attached authorization form allowing the agency having custody of him to forward the $6.00 initial partial filing fee and subsequent payments to the Clerk of the Court. FAILURE OF THE PLAINTIFF TO RETURN THE AUTHORIZATION FORM WITHIN 30 DAYS FROM**

---

[1] Along with the Motion for Reconsideration, the plaintiff also filed a "Motion to Amend." (D.I. 12) In this document, the plaintiff expands on his claims against the defendants. The plaintiff has not previously amended the complaint, therefore, pursuant to Fed. R. Civ. P. 15(a), the Court construes the "Motion to Amend" simply as the plaintiff's amended complaint.

**THE DATE THIS ORDER IS SENT SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE. NOTWITHSTANDING ANY PAYMENT MADE OR REQUIRED, THE COURT SHALL DISMISS THE CASE IF THE COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

4. Upon receipt of this order and the authorization form, the Warden or other appropriate official at the Delaware Correctional Center, or at any prison at which the plaintiff is or may be incarcerated, shall be required to deduct the $6.00 initial partial filing fee from the plaintiff's trust account, when such funds become available, and forward that amount to the Clerk of the Court. Thereafter, absent further order of the Court, each time that the balance in plaintiff's trust account exceeds $10.00, the Warden or other appropriate official at the Delaware Correctional Center or at any prison at which the plaintiff is or may be incarcerated, shall be required to make monthly payments of 20 percent (20%) of the preceding month's income credited to the plaintiff's trust account and forward that amount to the Clerk of the Court.

5. Pursuant to 28 U.S.C. § 1915(g), if the plaintiff has had three or more actions dismissed by the Court on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the Court shall deny the

plaintiff leave to proceed in forma pauperis in all future suits filed without prepayment of the filing fee, unless the Court determines that the plaintiff is under imminent danger of serious physical injury.

DATED: 9/19/05

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN SIDNEY EPPERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-219-KAJ |
| | ) |
| COMMISSIONER STANLEY TAYLOR, | ) |
| WARDEN THOMAS CARROLL, DENTAL | ) |
| DEPARTMENT, DENTIST WOMAN, | ) |
| and APPOINTMENT WOMAN, | ) |
| | ) |
| Defendants. | ) |

**AUTHORIZATION**

I, Kevin Sidney Epperson, request and authorize the agency holding me in custody to disburse to the Clerk of the Court the initial partial filing fee of $6.00 and the subsequent payments pursuant to 28 U.S.C. § 1915(b) and required by the Court's order dated _____, 2005.

This authorization is furnished in connection with the filing of a civil action, and I understand that the filing fee for the complaint is $250.00. I also understand that the entire filing fee may be deducted from my trust account regardless of the outcome of my civil action. This authorization shall apply to any other agency into whose custody I may be transferred.

Date: _____, 2005.

_____
Kevin Sidney Epperson